UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------X

YEVGENIY DIKLER,

                Plaintiff,

-against-

THE CITY OF NEW YORK,
DETECTIVE MICHAEL VISCONTI shield # 06482,
SECURITY OFFICER WILSON VEGA,
HWA INC.,

                Defendants.
----------------------------------------------------------X

JUDGE CROTTY

'07 CIV 5984

COMPLAINT

PLAINTIFF
DEMANDS
TRIAL BY JURY

RECEIVED
JUN 2 5 2007
U.S.D.C. S.D. N.Y.
CASHIERS

      PLAINTIFF YEVGENIY DIKLER by his attorney DAVID A. ZELMAN, Esq., for his COMPLAINT, alleges upon information and belief, as follows:

### I. PRELIMINARY STATEMENT

1.   This is a civil rights action in which PLAINTIFF YEVGENIY DIKLER (hereinafter "DIKLER") seeks damages to redress the deprivation, under color of state law, of rights secured to him under the Fourth, Fifth, Sixth and Fourteenth Amendments of the United States Constitution. On or about March 22nd, 2006, at approximately 10:00 AM, DIKLER was falsely arrested by officers employed by the New York City Police Department (hereinafter "NYPD"). It is alleged that the defendants falsely arrested DIKLER in violation of his constitutional rights, and

1

as a result DIKLER was detained without probable cause. All charges against DIKLER were dismissed on June 15th, 2006. As a result of the incident, DIKLER suffered psychological injury related to stress, loss of enjoyment of life, mental anguish, shame, humiliation, indignity, and damage to reputation, among other damages. Plaintiff appends state and federal law claims.

## II. JURISDICTION

2. Jurisdiction is conferred upon this Court by 28 U.S.C. §1343 (3) and (4), which provides for original jurisdiction in this court of all suits brought pursuant to 42 U.S.C. §1983, and by 28 U.S.C. §1331, which provides jurisdiction over all cases brought pursuant to the Constitution and laws of the Untied States. This Court has pendant jurisdiction over Plaintiff's state law claims.

## III. PARTIES

3. Plaintiff DIKLER resides at 1902 81st Street, Apartment 1F, Brooklyn, NY 11214.

4. Defendant CITY OF NEW YORK (hereinafter "CITY") is a municipal corporation, incorporated pursuant to the laws of the State of New York, which operates the NEW YORK CITY POLICE DEPARTMENT (hereinafter "NYPD"), and as such is the public employer of the Defendants herein.

5. Defendant DETECTIVE MICHAEL VISCONTI shield # 06482 (hereinafter "VISCONTI"), was an NYPD police officers, and at all relevant times hereto, acted in that capacity as an agent, servant, and/or employee of Defendant CITY and within the scope of his employment. At all relevant times hereto, VISCONTI was acting under the color of state and local law. Defendant VISCONTI is being

sued in their individual and official capacity.

6. Defendant SECURITY OFFICER WILSON VEGA (hereinafter, "VEGA") was an HWA INC. security officer, and at all relevant times hereto, acted in that capacity as an agent, servant, and/or employee of Defendant HWA INC. and within the scope of his employment. At all relevant times hereto, VEGA was acting under the color of state and local law. Defendant VEGA is being sued in his individual and official capacity.

7. Defendant HWA INC. (hereinafter, "HWA") is located at 250 West 50th Street, #31B, New York, NY 10019. HWA is a privately held corporation, incorporated pursuant to the laws of the State of Washington and is the official employer of VEGA.

## IV. FACTS

8. On or about March 22nd, 2006, at approximately 10:00 AM, DIKLER and his wife Svetlana Dikler, were lawfully inside 26 Federal Plaza.

9. Svetlana Dikler was scheduled to appear for an appointment at the office of Immigration and Naturalization located inside this building.

10. Upon entering the building and successfully passing through the metal detectors, DIKLER's wallet was searched.

11. DIKLER was questioned about a badge which was found in his wallet. The badge contained all pertinent identification and information relating to his employment as a bus operator with the New York City Transit Authority.

12. DIKLER complied with all questioning and notified security that he was entitled

to carry the badge. DIKLER was taken to a security office and, after several minutes, was told he could go to his appointment but must return to the security office when the appointment was over. DIKLER left his badge with the security officers.

13. After the appointment, DIKLER and his wife returned to the security office to retrieve his badge, however, the security officers notified him that he would have to wait. After approximately thirty minutes, DIKLER's wife left the premises to attend to their children's needs. DIKLER remained for approximately another hour and shortly thereafter was advised that he was being arrested for impersonating a police officer and carrying a false badge.

14. Throughout this entire period, DIKLER had on his person identification that stated he was employed by the Transit Authority.

15. Nevertheless, DIKLER was subsequently arrested and brought to the 5th precinct. DIKLER was then transferred to central booking. DIKLER was in custody for approximately twenty-four hours.

16. The next day, on March 23, 2007, at approximately 11:00 AM, DIKLER was released and informed that he must return to the court on June 15th, 2007 for a hearing. Due to the arrest, DIKLER was suspended from his employment, without pay, for five days and lost one day of work due to the arrest.

17. When DIKLER returned to the court, all charges were dismissed. DIKLER has never been arrested prior to this incident. DIKLER suffered physical injury as a result of the stress of this incident, as well as significant mental anguish, loss of

reputation, shame and humiliation.

18. That heretofore and on the 15th day of June, 2006, DIKLER's Notice of Claim and Intention to sue was duly served upon and filed with the CITY; said Notice was filed within ninety (90) days after the cause of action herein accrued and set forth the name and post office address of DIKLER, the nature of the claim, the time when, the place where, the manner in which the claim arose and the items of damage and injuries sustained.

19. That at least thirty (30) days have elapsed since the demand or claim upon which these actions are predicated was presented to CITY for adjustment or payment thereof and that it has neglected and/or refused to make adjustment or payment thereof.

V. FIRST CAUSE OF ACTION
Pursuant to §1983 (FALSE ARREST)

20. Paragraphs 1 through 19 of this complaint are hereby realleged and incorporated by reference herein.

21. That Defendants had neither valid evidence for the arrest of DIKLER nor legal cause or excuse to seize and detain him.

22. That in detaining DIKLER, and without a fair and reliable determination of probable cause, Defendant CITY abused its power and authority as a policymaker of the New York City Police Department under the color of State and/or local law.

23. Upon information and belief, it was the policy and/or custom of Defendant CITY

to inadequately supervise and train its officers, staff, agents and employees, thereby failing to adequately discourage further constitutional violations on the part of their officers, staff, agents and employees.

24. As a result of the above described policies and customs, the officers, staff, agents and employees of Defendant CITY believed that their actions would not be properly monitored by supervisory officers and that misconduct would not be investigated or sanctioned, but would be tolerated.

25. The above described policies and customs demonstrated a deliberate indifference on the part of the policymakers of the CITY to the constitutional rights of arrestees and were the cause of the violations of DIKLER's rights alleged herein.

26. By reason of Defendants acts and omissions, Defendant CITY, acting under color of state law and within the scope of its authority, in gross and wanton disregard of DIKLER's rights, subjected DIKLER to an unlawful detention, in violation of the Fourth and Fourteenth Amendments of the United States Constitution and the laws of the State of New York.

27. By reason of the foregoing, DIKLER suffered mental injuries, deprivation of liberty and privacy, terror, humiliation, damage to reputation and other psychological injuries. All of said injuries may be permanent.

## VI. SECOND CAUSE OF ACTION
Pursuant to State Law (FALSE ARREST)

28. Paragraphs 1 through 27 are hereby realleged and incorporated by reference herein.

29. That the seizure, detention and imprisonment of DIKLER was unlawful in that Defendants had no probable cause to detain, arrest and/or imprison him.

30. That Defendants intended to confine DIKLER.

31. That DIKLER was conscious of the confinement and did not consent to it.

32. That the confinement was not otherwise privileged.

33. By reason of Defendants acts and omissions, Defendants, acting in gross and wanton disregard of DIKLER's rights, deprived him of his liberty when they subjected him to an unlawful, illegal and excessive detention, in violation of State law.

34. That by reason of the foregoing, DIKLER suffered mental injuries, economic injury, deprivation of liberty and privacy, terror, humiliation, damage to reputation and other psychological injuries. All of said injuries may be permanent.

VII. THIRD CAUSE OF ACTION
Pursuant to § 1983 (MALICIOUS PROSECUTION)

35. Paragraphs 1 through 34 are hereby realleged and incorporated by reference herein.

36. That Defendants with malicious intent, arrested DIKLER and initiated a criminal proceeding despite the knowledge that DIKLER had committed no crime.

37. That the criminal matter against DIKLER was terminated in his favor and the court dismissed all charges against him.

38. That there was no probable cause for the arrest and criminal proceeding.

39. That by reason of Defendants' acts and omissions, Defendants, acting under the

color of state law and within the scope of their authority, in gross and wanton disregard of DIKLER's rights, deprived DIKLER of his liberty when they maliciously prosecuted him and subjected him to an unlawful, illegal and excessive detention, in violation of his rights pursuant to the Fourth and Fourteenth Amendments of the United States Constitution.

40. That upon information and belief, Defendants had a policy and /or custom of maliciously prosecuting individuals despite the lack of probable cause. Thus, as a result of the above described policies and customs, DIKLER was maliciously prosecuted despite the fact that he had committed no violation of the law.

41. That upon information and belief it was the policy and /or custom of defendant CITY to inadequately hire, train, supervise, discipline and /or terminate their officers, staff, agents and employees, thereby failing to adequately discourage further constitutional violations on the part of their officers, staff, agents, and employees.

42. That as a result of the above described policies and customs, defendant CITY, its staff, agents and employees of defendant CITY believed that their actions would not be properly monitored by supervisory officers and that misconduct would not be investigated or sanctioned, but would be tolerated.

43. That the above described policies and customs demonstrate a deliberate indifference on the part of the policymakers of defendant CITY to the constitutional rights of arrestees and were the cause of the violations of DIKLER's rights alleged herein.

44. That in so acting, defendant CITY abused its power and authority as policymaker of the NYPD under the color of State and/or local law.

45. That upon information and belief, in 2006, defendant CITY had a policy or routine practice of detaining and imprisoning individuals for excessive periods.

46. That by reason of the foregoing, DIKLER suffered psychological injuries, traumatic stress, post traumatic stress disorder, mental anguish, economic damages including attorneys fees, damage to reputation, shame, humiliation, and indignity. All of said injuries may be permanent.

### VIII. FOURTH CAUSE OF ACTION
Pursuant to State Law (MALICIOUS PROSECUTION)

47. Paragraphs 1 through 46 are hereby realleged and incorporated by reference herein.

48. That Defendants acted with malicious intent, arrested DIKLER and initiated a criminal proceeding despite the knowledge that DIKLER had committed no crime.

49. That the criminal matter was dismissed in DIKLER's favor.

50. That there was no probable cause for the arrest and criminal proceeding.

51 Defendants knew or should have known that there was no likelihood of a conviction of DIKLER.

52. That by reason of Defendants acts and omissions, Defendants, acting under the color of state law and within the scope of their authority, in gross and wanton disregard of DIKLER's rights, deprived DIKLER of his liberty when they

maliciously prosecuted him in violation of the Laws of the State of New York.

53. That by reason of the foregoing, DIKLER suffered psychological injuries, traumatic stress, post traumatic stress disorder, mental anguish, economic damages including attorneys fees, damage to reputation, shame, humiliation, and indignity. All of said injuries may be permanent.

### IX. FIFTH CAUSE OF ACTION
Pursuant to State Law (RESPONDEAT SUPERIOR)

54. Paragraphs 1 through 53 are hereby realleged and incorporated by reference herein.

55. That Defendants were acting in furtherance of the duties owed to their respective employers, defendants CITY and HWA.

56. That at all times individual Defendants were acting within the scope of their employment.

57. That Defendants were able to exercise control over Defendants activities.

58. That Defendants are liable for Defendants actions under the doctrine of respondeat superior.

59. By reason of the foregoing, DIKLER suffered physical injuries, mental injuries, emotional injuries, economic injury, trauma, humiliation, terror, damage to reputation, and other psychological injuries. All of said injuries may be permanent.

**INJURY AND DAMAGES**

As a result of the acts and conduct complained of herein, DIKLER has suffered and will continue to suffer, physical manifestations of stress, emotional pain,

suffering, inconvenience, injury to his reputation, loss of enjoyment of life, loss of liberty and other non-pecuniary losses. Plaintiff has further experienced severe emotional distress.

WHEREFORE, DIKLER respectfully requests that judgment be entered:

1. Awarding DIKLER compensatory damages in a full and fair sum to be determined by a jury;

2. Awarding DIKLER punitive damages in an amount to be determined by a jury;

3. Awarding DIKLER interest from March 22nd, 2006; and

4. Awarding DIKLER reasonable attorney's fees pursuant to 42 USC §1988; and

5. Granting such other and further relief as to this Court seems proper.

DATED: Brooklyn, New York
June 22, 2007

DAVID A. ZELMAN, ESQ.
(DZ 8578)
612 Eastern Parkway
Brooklyn, New York 11225
(718)604-3072