THE CITY OF NEW YORK

**MICHAEL A. CARDOZO**
*Corporation Counsel*

## LAW DEPARTMENT
100 Church St.
New York, NY 10007

**JOYCE CAMPBELL PRIVÉTERRE**
*Special Federal Litigation Division*
(212) 788-1277
Fax: (212) 788-9776

July 27, 2007

```
USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: JUL 3 0 2007
```

July 30, 2007

**Application GRANTED**
**SO Ordered**

/s/ Paul A. Crotty
USDJ

**Via Facsimile (212) 805-6304**
The Honorable Paul A. Crotty
United States District Judge
Southern District of New York
40 Centre Street, Room 2102
New York, New York 10007-1312

Re: Dikler v. City of New York et al.
07 CV 5984 (PAC)(GWG)

Your Honor:

I am the Assistant Corporation Counsel in the Office of Michael A. Cardozo, Corporation Counsel of the City of New York, attorney for defendant City. Plaintiff has filed the above-referenced complaint, wherein he alleges, *inter alia*, that on March 22, 2006, he was falsely arrested and detained by New York City police officers. Plaintiff further asserts a claim for malicious prosecution. Defendant City respectfully requests an extension of the time to answer or otherwise respond to the complaint from its current due date of July 30, 2007 to October 1, 2007. Plaintiff's attorney, David A. Zelman, Esq., has consented to our request.

Defendant has several reasons for seeking an enlargement of time. In accordance with this office's obligations under Rule 11 of the Federal Rules of Civil Procedure, the City requires additional time to investigate plaintiff's allegations. With respect to the false arrest and malicious prosecution charges, it is our understanding that records pertaining to the underlying criminal action, including police records, may have been sealed pursuant to New York Criminal Procedure Law § 160.50.

Additionally, plaintiff alleges that he sustained psychological injuries. Therefore, this office is in the process of forwarding to plaintiff for execution a consent and authorization for the release of pertinent sealed records, as well as medical authorizations to obtain records pertaining

*MEMO ENDORSED*

to plaintiff's purported injuries. The enlargement of time will enable the City to properly assess the case and respond to the complaint.

    Moreover, upon a review of the docket sheet, we have determined that an individually-named defendant, purportedly a New York City Police Department detective, has not been served. Thus, the requested extension will enable plaintiff to complete service of process. Once service is effected, the City will have additional time to determine, pursuant to Section 50-k of the New York General Municipal Law, and based on a review of the facts of the case, whether we may represent this individual defendant. See Mercurio v. The City of New York, et al., 758 F.2d 862, 864-65 (2d Cir. 1985) (quoting Williams v. City of New York, et al., 64 N.Y.2d 800, 486 N.Y.S.2d 918 (1985) (decision whether to represent individual defendants is made by the Corporation Counsel as set forth in state law)).

    No previous request for an enlargement of time has been made. Accordingly, we respectfully request that defendant City's time to answer or otherwise respond to the complaint be extended from July 30, 2007 to October 1, 2007.

    Thank you for your consideration in this matter.

Respectfully submitted,

Joyce Campbell Prvéterre (JCP 1846)
Assistant Corporation Counsel

cc:  **Via Facsimile (718) 604-3074**

    David A. Zelman, Esq.
    Attorney for Plaintiff
    612 Eastern Parkway
    Brooklyn, New York 11225
    Tel.: (718) 604-3072