```
USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: AUG 2 2 2008
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x

YEVGENIY DIKLER,                              :

       Plaintiff,                              :     07 Civ. 5984 (PAC)

  -against-                                    :     ORDER

THE CITY OF NEW YORK, et al.,                 :

       Defendants.                             :

------------------------------------------------------------x

HONORABLE PAUL A. CROTTY, United States District Judge:

I have listened to the recording of the July 8, 2008 conference. Counsel for HWA and Mr. Vega said discovery was concluded and he wanted to move for summary judgment. Mr. Zelman agreed that all discovery as to HWA and Mr. Vega was completed, but that the City had not responded to several of his pending discovery demands.[1] Ms. Priveterre said that she believed that the City had fulfilled Mr. Zelman's discovery demands, but she would check; and if the City had not complied, the City "certainly will." The Court did not authorize: (1) the City to make new discovery demands because that matter was never raised;[2] and (2) indeed, everyone agreed that discovery was completed but for the responses the City owed to Plaintiff. Since discovery is now closed, the City may not make new discovery demands. It is directed to

---

[1] Mr. Zelman identified three pending requests to the City: (1) request for hard copy (as opposed to fax) of initial disclosures; (2) First Set of Document Demands, dated March, 2008; and (3) document demands made at the deposition of the City's client.

[2] The City's statement in its August 20, 2008 letter that the Court "specifically instructed the City defendants to serve plaintiff with discovery demands," is wrong. The Court never gave such an instruction.

respond to the discovery demands which Mr. Zelman identified on July 8, 2008 as still open.

After discovery matters were addressed at the July 8, 2008 conference, the parties agreed to a schedule for summary judgment motions and Plaintiff's cross-motion. The Court advised the parties that the motion schedule could be adjusted if the City's response to Plaintiff's pending discovery was "really significant." The parties were to meet and confer on adjusting the summary judgment schedule, if that were necessary. This suggestion by the Court did not authorize the City to make further discovery demands.

To sum up, the City was not and is not authorized to make any discovery demands or requests. Discovery has been closed for four months. Rather, the City was directed to respond to Plaintiff's pending discovery requests, to which the City had not yet responded. In the event that such discovery was significant, so that a change in the summary judgment schedule was either necessary or desirable, the parties were to meet and confer before submitting a new motion schedule.

Unless advised to the contrary, the Court will assume that the agreed upon motion schedule is still in effect.

Dated: New York, New York
August 22, 2008

SO ORDERED

_____
PAUL A. CROTTY
United States District Judge