UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------X

YEVGENIY DIKLER,



JUDGE CROTTY

Plaintiff,

'07 CIV 5984

COMPLAINT

-against-

PLAINTIFF
DEMANDS
TRIAL BY JURY

THE CITY OF NEW YORK,
DETECTIVE MICHAEL VISCONTI shield # 06482,
SECURITY OFFICER WILSON VEGA,
HWA INC.,

Defendants.

RECEIVED

JUL 9 5 2007

U.S.D.C. S.D.N.Y.
CASHIERS

---------------------------------------------------------------X

PLAINTIFF YEVGENIY DIKLER by his attorney DAVID A. ZELMAN, Esq., for

his COMPLAINT, alleges upon information and belief, as follows:

## I. PRELIMINARY STATEMENT

1.  This is a civil rights action in which PLAINTIFF YEVGENIY DIKLER

(hereinafter "DIKLER") seeks damages to redress the deprivation, under color of

state law, of rights secured to him under the Fourth, Fifth, Sixth and Fourteenth

Amendments of the United States Constitution. On or about March 22nd, 2006, at

approximately 10:00 AM, DIKLER was falsely arrested by officers employed by

the New York City Police Department (hereinafter "NYPD"). It is alleged that the

defendants falsely arrested DIKLER in violation of his constitutional rights, and

1

0070541 10-Jul-07 09:11A

as a result DIKLER was detained without probable cause. All charges against DIKLER were dismissed on June 15th, 2006. As a result of the incident, DIKLER suffered psychological injury related to stress, loss of enjoyment of life, mental anguish, shame, humiliation, indignity, and damage to reputation, among other damages. Plaintiff appends state and federal law claims.

## II. JURISDICTION

2. Jurisdiction is conferred upon this Court by 28 U.S.C. §1343 (3) and (4), which provides for original jurisdiction in this court of all suits brought pursuant to 42 U.S.C. §1983, and by 28 U.S.C. §1331, which provides jurisdiction over all cases brought pursuant to the Constitution and laws of the Untied States. This Court has pendant jurisdiction over Plaintiff's state law claims.

## III. PARTIES

3. Plaintiff DIKLER resides at 1902 81st Street, Apartment 1F, Brooklyn, NY 11214.

4. Defendant CITY OF NEW YORK (hereinafter "CITY") is a municipal corporation, incorporated pursuant to the laws of the State of New York, which operates the NEW YORK CITY POLICE DEPARTMENT (hereinafter "NYPD"), and as such is the public employer of the Defendants herein.

5. Defendant DETECTIVE MICHAEL VISCONTI shield # 06482 (hereinafter "VISCONTI"), was an NYPD police officers, and at all relevant times hereto, acted in that capacity as an agent, servant, and/or employee of Defendant CITY and within the scope of his employment. At all relevant times hereto, VISCONTI was acting under the color of state and local law. Defendant VISCONTI is being

2

sued in their individual and official capacity.

6. Defendant SECURITY OFFICER WILSON VEGA (hereinafter, "VEGA") was an HWA INC. ~~security officer~~ *employee*, and ~~at all relevant times hereto, acted in that capacity as an agent, servant, and/or employee of Defendant HWA INC;~~ and *acted* within the scope of his employment. *and further hep lease ...* ~~At all relevant times hereto, VEGA was acting under the color of state and local law. Defendant VEGA is being sued in his individual and official capacity.~~

7. Defendant HWA INC. (hereinafter, "HWA") is located at 250 West 50th Street, #31B, New York, NY 10019. HWA is a privately held corporation, incorporated pursuant to the laws of the State of Washington and is the official employer of VEGA.

## IV. FACTS

8. On or about March 22nd, 2006, at approximately 10:00 AM, DIKLER and his wife Svetlana Dikler, were lawfully inside 26 Federal Plaza.

9. Svetlana Dikler was scheduled to appear for an appointment at the office of Immigration and Naturalization located inside this building.

10. Upon entering the building and ~~successfully~~ passing through the metal detectors, DIKLER's wallet was searched.

11. DIKLER was questioned about a badge which was found in his wallet. The badge contained all pertinent identification and information relating to his employment as a bus operator with the New York City Transit Authority.

12. DIKLER complied with all questioning and notified security that he was entitled

3

0070541  10-Jul-07  09:11A

06/25/2007  11:44    7186843(    DAVID A ZELMAN    PAGE  07

to carry the badge. DIKLER was taken to a security office and, after several minutes, was told he could go to his appointment but must return to the security office when the appointment was over. DIKLER left his badge with the security officers.

13. After the appointment, DIKLER and his wife returned to the security office to retrieve his badge, however, the security officers notified him that he would have to wait. After approximately thirty minutes, DIKLER's wife left the premises to attend to their children's needs. DIKLER remained for approximately another hour and shortly thereafter was advised that he was being arrested for impersonating a police officer and carrying a false badge.

14. Throughout this entire period, DIKLER had on his person identification that stated he was employed by the Transit Authority.

15. Nevertheless, DIKLER was subsequently arrested and brought to the 5th precinct. DIKLER was then transferred to central booking. DIKLER was in custody for approximately twenty-four hours.

16. The next day, on March 23, 2007, at approximately 11:00 AM, DIKLER was released and informed that he must return to the court on June 15th, 2007 for a hearing. Due to the arrest, DIKLER was suspended from his employment, without pay, for five days and lost one day of work due to the arrest.

17. When DIKLER returned to the court, all charges were dismissed. DIKLER has never been arrested prior to this incident. DIKLER suffered physical injury as a result of the stress of this incident, as well as significant mental anguish, loss of

4

0070541  10-Jul-07  09:11A

reputation, shame and humiliation.

18.  That heretofore and on the 15th day of June, 2006, DIKLER's Notice of Claim and
Intention to sue was duly served upon and filed with the CITY; said Notice was
filed within ninety (90) days after the cause of action herein accrued and set forth
the name and post office address of DIKLER, the nature of the claim, the time
when, the place where, the manner in which the claim arose and the items of
damage and injuries sustained.

19.  That at least thirty (30) days have elapsed since the demand or claim upon which
these actions are predicated was presented to CITY for adjustment or payment
thereof and that it has neglected and/or refused to make adjustment or payment
thereof.

### V.  FIRST CAUSE OF ACTION
Pursuant to §1983 (FALSE ARREST)

20.  Paragraphs 1 through 19 of this complaint are hereby realleged and incorporated
by reference herein.

21.  That Defendants had neither valid evidence for the arrest of DIKLER, nor legal
cause or excuse to seize and detain him.

22.  That in detaining DIKLER, and without a fair and reliable determination of
probable cause, Defendant CITY abused its power and authority as a policymaker
of the New York City Police Department under the color of State and/or local law.

23.  Upon information and belief, it was the policy and/or custom of Defendant CITY

5

to inadequately supervise and train its officers, staff, agents and employees,
thereby failing to adequately discourage further constitutional violations on the
part of their officers, staff, agents and employees.

24. As a result of the above described policies and customs, the officers, staff, agents
and employees of Defendant CITY believed that their actions would not be
properly monitored by supervisory officers and that misconduct would not be
investigated or sanctioned, but would be tolerated.

25. The above described policies and customs demonstrated a deliberate indifference
on the part of the policymakers of the CITY to the constitutional rights of
arrestees and were the cause of the violations of DIKLER's rights alleged herein.

26. By reason of Defendants acts and omissions, Defendant CITY, acting under color
of state law and within the scope of its authority, in gross and wanton disregard of
DIKLER's rights, subjected DIKLER to an unlawful detention, in violation of the
Fourth and Fourteenth Amendments of the United States Constitution and the
laws of the State of New York.

27. By reason of the foregoing, DIKLER suffered mental injuries, deprivation of
liberty and privacy, terror, humiliation, damage to reputation and other
psychological injuries. All of said injuries may be permanent.

## VI. SECOND CAUSE OF ACTION
### Pursuant to State Law (FALSE ARREST)

28. Paragraphs 1 through 27 are hereby realleged and incorporated by reference
herein.

6

0070541 10-Jul-07 09:11A

29. That the seizure, detention and imprisonment of DIKLER was unlawful in that Defendants had no probable cause to detain, arrest and/or imprison him.

30. That Defendants intended to confine DIKLER.

31. That DIKLER was conscious of the confinement and did not consent to it.

32. That the confinement was not otherwise privileged.

33. By reason of Defendants acts and omissions, Defendants, acting in gross and wanton disregard of DIKLER's rights, deprived him of his liberty when they subjected him to an unlawful, illegal and excessive detention, in violation of State law.

34. That by reason of the foregoing, DIKLER suffered mental injuries, economic injury, deprivation of liberty and privacy, terror, humiliation, damage to reputation and other psychological injuries. All of said injuries may be permanent.

## VII. THIRD CAUSE OF ACTION
### Pursuant to § 1983 (MALICIOUS PROSECUTION)

35. Paragraphs 1 through 34 are hereby realleged and incorporated by reference herein.

36. That Defendants with malicious intent, arrested DIKLER and initiated a criminal proceeding despite the knowledge that DIKLER had committed no crime.

37. That the criminal matter against DIKLER was terminated in his favor and the court dismissed all charges against him.

38. That there was no probable cause for the arrest and criminal proceeding.

39. That by reason of Defendants' acts and omissions, Defendants, acting under the

7

color of state law and within the scope of their authority, in gross and wanton disregard of DIKLER's rights, deprived DIKLER of his liberty when they maliciously prosecuted him and subjected him to an unlawful, illegal and excessive detention, in violation of his rights pursuant to the Fourth and Fourteenth Amendments of the United States Constitution.

40. That upon information and belief, Defendants had a policy and /or custom of maliciously prosecuting individuals despite the lack of probable cause. Thus, as a result of the above described policies and customs, DIKLER was maliciously prosecuted despite the fact that he had committed no violation of the law.

41. That upon information and belief it was the policy and /or custom of defendant CITY to inadequately hire, train, supervise, discipline and /or terminate their officers, staff, agents and employees, thereby failing to adequately discourage further constitutional violations on the part of their officers, staff, agents, and employees.

42. That as a result of the above described policies and customs, defendant CITY, its staff, agents and employees of defendant CITY believed that their actions would not be properly monitored by supervisory officers and that misconduct would not be investigated or sanctioned, but would be tolerated.

43. That the above described policies and customs demonstrate a deliberate indifference on the part of the policymakers of defendant CITY to the constitutional rights of arrestees and were the cause of the violations of DIKLER's rights alleged herein.

8

44. That in so acting, defendant CITY abused its power and authority as policymaker of the NYPD under the color of State and/or local law.

45. That upon information and belief, in 2006, defendant CITY had a policy or routine practice of detaining and imprisoning individuals for excessive periods.

46. That by reason of the foregoing, DIKLER suffered psychological injuries, traumatic stress, post traumatic stress disorder, mental anguish, economic damages including attorneys fees, damage to reputation, shame, humiliation, and indignity. All of said injuries may be permanent.

## VIII. FOURTH CAUSE OF ACTION
### Pursuant to State Law (MALICIOUS PROSECUTION)

47. Paragraphs 1 through 46 are hereby realleged and incorporated by reference herein.

48. That Defendants acted with malicious intent, arrested DIKLER and initiated a criminal proceeding despite the knowledge that DIKLER had committed no crime.

49. That the criminal matter was dismissed in DIKLER's favor.

50. That there was no probable cause for the arrest and criminal proceeding.

51. Defendants knew or should have known that there was no likelihood of a conviction of DIKLER.

52. That by reason of Defendants acts and omissions, Defendants, acting under the color of state law and within the scope of their authority, in gross and wanton disregard of DIKLER's rights, deprived DIKLER of his liberty when they

9

06/26/2007  11:44   7186043874(          DAVID A ZELMAN       (          PAGE   13

maliciously prosecuted him in violation of the Laws of the State of New York.

53.     That by reason of the foregoing, DIKLER suffered psychological injuries,
traumatic stress, post traumatic stress disorder, mental anguish, economic
damages including attorneys fees, damage to reputation, shame, humiliation, and
indignity. All of said injuries may be permanent.

## IX. FIFTH CAUSE OF ACTION
### Pursuant to State Law (RESPONDEAT SUPERIOR)

54.     Paragraphs 1 through 53 are hereby realleged and incorporated by reference
herein.



55.     That Defendants were acting in furtherance of the duties owed to their respective
employers, defendants CITY and HWA.

56.     That at all times individual Defendants were acting within the scope of their
employment.

57.     That Defendants were able to exercise control over Defendants activities.

58.     That Defendants are liable for Defendants actions under the doctrine of respondeat
superior.

59.     By reason of the foregoing, DIKLER suffered physical injuries, mental injuries,
emotional injuries, economic injury, trauma, humiliation, terror, damage to
reputation, and other psychological injuries. All of said injuries may be
permanent.

## INJURY AND DAMAGES

As a result of the acts and conduct complained of herein, DIKLER has suffered
and will continue to suffer, physical manifestations of stress, emotional pain,

10

0070541   10 JUL 07 09:11A)

suffering, inconvenience, injury to his reputation, loss of enjoyment of life, loss of liberty and other non-pecuniary losses. Plaintiff has further experienced severe emotional distress.

WHEREFORE, DIKLER respectfully requests that judgment be entered:

1. Awarding DIKLER compensatory damages in a full and fair sum to be determined by a jury;

2. Awarding DIKLER punitive damages in an amount to be determined by a jury;

3. Awarding DIKLER interest from March 22nd, 2006; and

4. Awarding DIKLER reasonable attorney's fees pursuant to 42 USC §1988; and

5. Granting such other and further relief as to this Court seems proper.

DATED: Brooklyn, New York
June 22, 2007

DAVID A. ZELMAN, ESQ.
(DZ 8578)
612 Eastern Parkway
Brooklyn, New York 11225
(718)604-3072

11

0070541 10-JUL-07 09:11A

**LSK&D #: 104-7703 / 905707**
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------------x
YEVGENIY DIKLER,

                                                    **Docket No.: 07 CIV 5984**

                         Plaintiff,

           -against-                              **ANSWER**

THE CITY OF NEW YORK, DETECTIVE
MICHAEL VISCONTI shield #06482,
SECURITY OFFICER WILSON VEGA, HWA
INC.,

                        Defendant.
----------------------------------------------------------------x

      Defendants, WILSON VEGA and HWA INC. by their attorneys, LESTER

SCHWAB KATZ & DWYER, LLP, answering plaintiff's Complaint dated June 22, 2007

respectfully state as follows:

### ANSWERING THE PRELIMINARY STATEMENT

      1.  Deny each and every allegation contained in paragraph "1" of the

Complaint.

### ANSWERING JURISDICTION

      2.  Deny each and every allegation contained in paragraph "2" of the

Complaint, but beg leave to refer all questions of law to the Court at the trial of this

action.

### ANSWERING PARTIES

      3.  Deny any knowledge or information sufficient to form a belief as to the

allegations contained in paragraph "3" of the Complaint.

      4.  Deny any knowledge or information sufficient to form a belief as to the

allegations contained in paragraph "4" of the Complaint.

5.  Deny any knowledge or information sufficient to form a belief as to the allegations contained in paragraph "5" of the Complaint.

6.  Deny each and every allegation contained in paragraph "6" of the Complaint except admit that defendant WILSON VEGA (hereinafter "VEGA") was an HWA INC. employee and acted within the scope of his employment and further beg leave to refer all questions of law to the Court at the trial of this action.

7.  Admit the allegations contained in paragraph "7" of the Complaint.

### ANSWERING FACTS

8.  Deny any knowledge or information sufficient to form a belief as to the allegations contained in paragraph "8" of the Complaint.

9.  Deny any knowledge or information sufficient to form a belief as to the allegations contained in paragraph "9" of the Complaint.

10. Deny any knowledge or information sufficient to form a belief as to the allegations contained in paragraph "10" of the Complaint.

11. Deny any knowledge or information sufficient to form a belief as to the allegations contained in paragraph "11" of the Complaint.

12. Deny any knowledge or information sufficient to form a belief as to the allegations contained in paragraph "12" of the Complaint.

13. Deny any knowledge or information sufficient to form a belief as to the allegations contained in paragraph "13" of the Complaint.

14. Deny any knowledge or information sufficient to form a belief as to the allegations contained in paragraph "14" of the Complaint.

15. Deny any knowledge or information sufficient to form a belief as to the allegations contained in paragraph "15" of the Complaint.

16. Deny any knowledge or information sufficient to form a belief as to the allegations contained in paragraph "16" of the Complaint.

17. Deny each and every allegation contained in paragraph "17" of the Complaint.

18. Deny any knowledge or information sufficient to form a belief as to the allegations contained in paragraph "18" of the Complaint.

19. Deny any knowledge or information sufficient to form a belief as to the allegations contained in paragraph "19" of the Complaint.

## ANSWERING THE FIRST CAUSE OF ACTION
### Pursuant to §1983 (FALSE ARREST)

20. Repeat and reiterate each and every denial hereinbefore made with the same force and effect as though the same were set forth at length herein in answer to paragraph number "20" of the Complaint.

21. Deny each and every allegation contained in paragraph "21" of the Complaint insofar as same may refer to or in anyway affect these answering defendants.

22. Deny each and every allegation contained in paragraph "22" of the Complaint insofar as same may refer to or in anyway affect these answering defendants.

23. Deny each and every allegation contained in paragraph "23" of the Complaint insofar as same may refer to or in anyway affect these answering defendants.

24. Deny each and every allegation contained in paragraph "24" of the Complaint insofar as same may refer to or in anyway affect these answering defendants.

25. Deny each and every allegation contained in paragraph "25" of the Complaint insofar as same may refer to or in anyway affect these answering defendants.

26. Deny each and every allegation contained in paragraph "26" of the Complaint insofar as same may refer to or in anyway affect these answering defendants.

27. Deny each and every allegation contained in paragraph "27" of the Complaint insofar as same may refer to or in anyway affect these answering defendants.

## ANSWERING THE SECOND CAUSE OF ACTION
### Pursuant to State Law (FALSE ARREST)

28. Repeat and reiterate each and every denial hereinbefore made with the same force and effect as though the same were set forth at length herein in answer to paragraph number "28" of the Complaint.

29. Deny each and every allegation contained in paragraph "29" of the Complaint insofar as same may refer to or in anyway affect these answering defendants.

30. Deny each and every allegation contained in paragraph "30" of the Complaint insofar as same may refer to or in anyway affect these answering defendants.

31. Deny each and every allegation contained in paragraph "31" of the Complaint insofar as same may refer to or in anyway affect these answering defendants.

32. Deny each and every allegation contained in paragraph "32" of the Complaint insofar as same may refer to or in anyway affect these answering defendants.

33. Deny each and every allegation contained in paragraph "33" of the Complaint insofar as same may refer to or in anyway affect these answering defendants.

34. Deny each and every allegation contained in paragraph "34" of the Complaint insofar as same may refer to or in anyway affect these answering defendants.

### ANSWERING THE THIRD CAUSE OF ACTION
**Pursuant to § 1983 (MALICIOUS PROSECUTION)**

35. Repeat and reiterate each and every denial hereinbefore made with the same force and effect as though the same were set forth at length herein in answer to paragraph number "35" of the Complaint.

36. Deny each and every allegation contained in paragraph "36" of the Complaint insofar as same may refer to or in anyway affect these answering defendants.

37. Deny any knowledge or information sufficient to form a belief as to the allegations contained in paragraph "37" of the Complaint.

38. Deny each and every allegation contained in paragraph "38" of the Complaint insofar as same may refer to or in anyway affect these answering defendants.

39. Deny each and every allegation contained in paragraph "39" of the Complaint insofar as same may refer to or in anyway affect these answering defendants.

40. Deny each and every allegation contained in paragraph "40" of the Complaint insofar as same may refer to or in anyway affect these answering defendants.

41. Deny each and every allegation contained in paragraph "41" of the Complaint insofar as same may refer to or in anyway affect these answering defendants.

42. Deny each and every allegation contained in paragraph "42" of the Complaint insofar as same may refer to or in anyway affect these answering defendants.

43. Deny each and every allegation contained in paragraph "43" of the Complaint insofar as same may refer to or in anyway affect these answering defendants.

44. Deny each and every allegation contained in paragraph "44" of the Complaint insofar as same may refer to or in anyway affect these answering defendants.

45. Deny each and every allegation contained in paragraph "45" of the Complaint insofar as same may refer to or in anyway affect these answering defendants.

46. Deny each and every allegation contained in paragraph "46" of the Complaint insofar as same may refer to or in anyway affect these answering defendants.

### ANSWERING THE FOURTH CAUSE OF ACTION
**Pursuant to State Law (MALICIOUS PROSECUTION)**

47. Repeat and reiterate each and every denial hereinbefore made with the same force and effect as though the same were set forth at length herein in answer to paragraph number "47" of the Complaint.

48. Deny each and every allegation contained in paragraph "48" of the Complaint insofar as same may refer to or in anyway affect these answering defendants.

49. Deny any knowledge or information sufficient to form a belief as to the allegations contained in paragraph "49" of the Complaint.

50. Deny each and every allegation contained in paragraph "50" of the Complaint.

51. Deny each and every allegation contained in paragraph "51" of the Complaint, but beg leave to refer all questions of law to the Court at the trial of this action.

52. Deny each and every allegation contained in paragraph "52" of the Complaint insofar as same may refer to or in anyway affect these answering defendants.

53. Deny each and every allegation contained in paragraph "53" of the Complaint.

## ANSWERING THE FIFTH CAUSE OF ACTION
### Pursuant to State Law (RESPONDEAT SUPERIOR)

54. Repeat and reiterate each and every denial hereinbefore made with the same force and effect as though the same were set forth at length herein in answer to paragraph number "54" of the Complaint.

55. Admit the allegations contained in paragraph "55" of the Complaint.

56. Deny any knowledge or information sufficient to form a belief as to the allegations contained in paragraph "56" of the Complaint.

57. Deny each and every allegation contained in paragraph "57" of the Complaint, but beg leave to refer all questions of law to the Court at the trial of this action.

58. Deny each and every allegation contained in paragraph "58" of the Complaint insofar as same may refer to or in anyway affect these answering defendants.

59. Deny each and every allegation contained in paragraph "59" of the Complaint.

## ANSWERING INJURY AND DAMAGES

60. Deny each and every allegation contained in paragraph "unnumbered" of the Complaint.

## AS AND FOR A FIRST SEPARATE DEFENSE

61. That any injuries and/or damages sustained by the plaintiff, as alleged in the Complaint herein, were caused in whole or in part by the contributory negligence

and/or culpable conduct of each plaintiff and not as a result of any contributory negligence and/or culpable conduct on the part of this answering defendant.

## AS AND FOR A SECOND SEPARATE DEFENSE

62. That by entering into the activity in which each plaintiff was engaged at the time of the occurrence set forth in the Complaint, each plaintiff knew the hazards thereof and the inherent risks incident thereto and had full knowledge of the dangers thereof; that whatever injuries and damages were sustained by the plaintiffs herein as alleged in the Complaint arose from and were caused by reason of such risks voluntarily undertaken by plaintiff in their activities and such risks were assumed and accepted by them in performing and engaging in said activities.

## AS AND FOR A THIRD SEPARATE DEFENSE

63. The Complaint of the plaintiff(s) fails to state a cause of action cognizable in law or equity against these answering defendants and the Complaint must therefore be dismissed.

## AS AND FOR A FOURTH SEPARATE DEFENSE

64. The liability of these defendants, if any, to the plaintiff for non-economic loss is limited to its equitable share, determined in accordance with the relative culpability of all persons or entities contributing to the total liability for non-economic loss, including named parties and others over whom plaintiff could have obtained personal jurisdiction with due diligence.

## AS AND FOR A FIFTH SEPARATE DEFENSE

65. That if the plaintiff sustained the injuries complained of in the manner alleged, said injuries were caused by the negligence of parties over whom the answering defendants were not obligated to exercise supervision or control.

## AS AND FOR A SIXTH SEPARATE DEFENSE

66. The amount of punitive damages sought is unconstitutionally excessive, and disproportionate to Defendants' conduct under the United States Constitution, and thus violates the Due Process Clause of the Fourteenth Amendment, U.S. Const. amend. XIV, Section 1, and the Due Process Clauses of the New York State Constitution, Article I, Section 6.

67. Any award of punitive damages based upon vague and undefined standards of liability, would violate the Due Process Clause of the Fourteenth Amendment, U.S. Const. amend. XIV, Section 1, and the Due Process Clause of the New York State Constitution, Article I, Section 6.

68. Any award of punitive damages based upon any standard of proof less than "clear and convincing" evidence would violate the Due Process Clause of the Fourteenth Amendment of the United States Constitution, and the Due Process Clause of the New York State Constitution, Article I, Section 6.

69. Any award of punitive damages resulting from the same course of conduct for which Defendant has been or may be found liable for punitive damages in another action violates the Due Process Clause of the Fourteenth Amendment of the United States Constitution, and the Due Process Clause of the New York State Constitution, Article I, Section 6.

70. Any award of punitive damages must be proportionate to the underlying compensatory damage award. See State Farm Mutual Automobile Insurance Co. v. Campbell, et al., (S.Ct. 2003).

### AS AND FOR A CROSS-CLAIM AGAINST THE CO-DEFENDANTS, CITY OF NEW YORK AND DETECTIVE MICHAEL VISCONTI SHIELD #06482

71. If plaintiff sustained damages in the manner alleged in the Complaint, all of which are denied by these answering defendants, such damages were caused by reason of the negligence, breach of contract, obligation or warranty of the co-defendants above named.

72. That pursuant to contract or other agreements, co-defendants, above named, were to indemnify and hold harmless these answering defendants for injuries and damages sustained at the premises alleged in the verified complaint and, therefore, these answering defendants are entitled to indemnity from co-defendants, above named, including attorneys' fees, costs, disbursements and expenses in defending this action.

73. That pursuant to contract or other agreements, co-defendants, above named, were to procure and/or provide insurance coverage for these answering defendants for bodily injury and property damage occurring at the premises where injured plaintiff was allegedly injured and, therefore, co-defendants above named have breached their contracts or other agreements and this answering defendant is entitled to insurance coverage from co-defendants, above named, as well as all attorneys' fees, costs, disbursements and expenses in defending this action.

74. By reason of the foregoing, these answering defendants are entitled to contribution and/or indemnification from, and to have judgment over and against, the co-defendants above named, for all or part of any verdict or judgment that plaintiffs may recover against these answering defendants.

**WHEREFORE**, these answering defendants demands judgment dismissing the Complaint, or in the event the plaintiff recovers a verdict or judgment against these answering defendants, then these defendants demand judgment over against the co-defendants above named, together with the attorneys fees, costs and disbursements of this action.

Dated:        New York, New York
              August 2, 2007

                        Respectfully submitted,

                        LESTER SCHWAB KATZ & DWYER, LLP


                        _____
                        Robert N. Dunn (RND-9193)
                        Attorneys for Defendants
                        WILSON VEGA and HWA INC.
                        120 Broadway
                        New York, New York  10271
                        (212)  964-6611

TO:

DAVID A. ZELMAN, ESQ.
612 Eastern Parkway
Brooklyn, New York  11225
Attorneys for Plaintiff

THE CITY OF NEW YORK
100 Church Street
New York, New York  10007

DETECTIVE MICHAEL VISCONTI
New York Police Department
One Police Plaza
New York, New York  10038